UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TANYA RENEE ROBBINS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) Case No. 1:17 CV 54 ACL |
| LAURIE UNKNOWN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Tanya Renee Robbins brings this action pursuant to 42 U.S.C. § 1983 on her own behalf and on behalf of two of her minor children. This matter is before the Court upon the Motions to Dismiss of Defendants Ginger Joyner and Kevin Kinnard. (Docs. 10, 13.)

### Background

Robbins filed her *pro se* Complaint on April 10, 2017, in which she alleges that various individuals violated her constitutional rights and the rights of her children during the course of a state court juvenile investigation that resulted in the removal of her children from her home. (Doc. 1.) Robbins has also named Edward Gassell and Joseph Robbins as Plaintiffs.[1] In her request for relief, she seeks to have her children returned to her and monetary damages for emotional distress.

---

[1] The Court erroneously assumed from Robbins' allegations that all four of the individuals named as Plaintiffs were Robbins' minor children. Defendant Kinnard states in his Motion to Dismiss that Edward Gassell and Joseph Robbins are in fact adults and both have fathered children with Tanya Robbins. This error has no effect on the resolution of the instant motions.

1

Robbins identifies the Defendants as follows: "Laurie", a "Supervisor"; Joe Tiffany, "Investigator"; Samantha Faulkner; Savannah Pogue, "Supervisor"; Bria Ward, "IS"; "Brittany", "IS Supervisor"; Gretchen Plaggenburg, "Worker"; Sarah Hill, "IS", "unsure of which place"; Ginger Joyner, Guardian ad Litem; and Kevin Kinnard, Juvenile Officer. (Doc. 1 at p. 2-6.)

Her allegations state as follows (in part):

> Joe Tiffany-afternoon March 1, 2017 came to my residence and my son Darryl pull his pants down outside, no permission no search warrant just hotline report + no exigent circumstances/talked to my son no permission stepped foot in my house with a 5yr olds permission not mine/March 3, 2011 intimidated my ex husband in to letting him inside that's where my children were.
>
> (1) My children have been removed. They refused the services, told me I had to get rid of all my animals, Dria Ward, Samantha Faulkner + Sarah Hill.
>
> 3 Went to Juvenile Officer and defamed mine + the childrens Dad by lying about smell, condition, what was said, the dad was present.
>
> 4 Laurie Joe Tiffanys supervisor when I called to complain about him hung up the phone + refused to talk to me
>
> 5 Juvenile Office Kevin Kinnard gave Gretchen Plaggeburg the paper did not state who the parents were or described judge to the best of my knowledge did not put his name out...

(Doc. 1 at p. 7.)

In an Order dated April 17, 2017 (Doc. 3), the Court advised Robbins that she may not represent her children in federal court. *See Osei-Afriyie by Osei-Afriyie v. Medical College of Pennsylvania*, 937 F.2d 876, 882-83 (3d Cir. 1991) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child"). The

2

Court gave Robbins thirty days, until May 12, 2017, to obtain representation in this matter. To date, no attorney has entered his or her appearance on behalf of the minor children.

On May 23, 2017, Defendant Ginger K. Joyner filed a Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6). (Doc. 10.) Joyner, a guardian ad litem appointed by the state court, argues that Robbins' claims should be dismissed because they are barred by sovereign immunity; this Court lacks jurisdiction under the domestic relations exception; and because Robbins fails to state a claim against Joyner.

Defendant Jerome K. Kinnard filed a Motion to Dismiss on May 25, 2017, in which he argues that Robbins' claims should be dismissed for the following reasons: Kinnard has only been named in his official capacity and is not a person under ' 1983; Robbins has failed to state a claim; Robbins has not complied with this Court's Order to obtain counsel to represent the minor children; and Kinnard is entitled to qualified immunity in his individual capacity.
(Doc. 13.)

Robbins has not responded to Defendants' Motions.

**Discussion**

This case will be dismissed pursuant to the domestic relations exception. "The domestic relations exception, first articulated in *Barber v. Barber*, 62 U.S. 582, 584 (1858), divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Khan v. Khan*, 21 F.3d 859, 861 (8th Cir. 1994) (internal citation amended). Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Id.*

3

In the case at bar, Robbins is asking this Court to determine that the Defendants committed wrongdoing in connection with state child custody proceedings. She requests that the Court enter an order that changes the children's custody status. This Court cannot, as Robbins suggests, change state custodial determinations. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (questions concerning child custody are left entirely to state courts to answer).

Because the domestic relations exception divests this Court of jurisdiction, Defendants' other arguments for dismissal will not be reached.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.

A separate Order of Dismissal will be entered herewith.

Dated this 29th day of June, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE